UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 19-CR-3717-CAB |
| Plaintiff, | ) ) | ORDER EXCLUDING TIME PURSUANT TO 18 U.S.C. §3161 |
| v. | ) ) | |
| MICHELLE GUADALUPE MALDONADO-FELIX, | ) ) ) | |
| Defendant. | ) | |

The Court hereby FINDS AS FOLLOWS:

1. Defendant was scheduled to appear for an April 9, 2020 motion in limine hearing and an April 20, 2020 jury trial, which the court has previously vacated and a Status Hearing is currently set for May 15, 2020.

2. On March 17, 2020, the Chief United States District Judge of the Southern District of California entered an Order suspending jury trials and other proceedings scheduled to begin before April 16, 2020. See Order of the Chief Judge No. 18, Suspension of Jury Trials and Other Proceedings during the COVID-19 Public Emergency (March 17, 2020). This Order, which is hereby incorporated by reference, was imposed based on (1) the state of emergency declared in response to the spread of the coronavirus (COVID-19), (2) the restrictions on public gatherings recommended by the Centers for Disease Control and Prevention, (3) the lack of a quorum of grand jurors during the period of national emergency, and (4) restrictions on attorney visits imposed at the detention facilities. In light of the public health restrictions and in order to protect public safety and prevent the spread of the COVID-19 outbreak, the Court declared a judicial

1

emergency under 18 U.S.C. § 3174 and continued or suspended all jury trials, trial-specific deadlines and other criminal proceedings, including sentencings, supervised release revocation hearings, motion hearings, arraignments, plea hearings, misdemeanor bench trials, and all proceedings under Federal Rule of Criminal Procedure 5.1, until April 16, 2020. On April 2, 2020, the Ninth Circuit Judicial Council approved the District's declaration of an emergency pursuant to 18 U.S.C. § 3174 and further extended the emergency to April 17, 2021.

3. Given the grave public-health concerns discussed in Order of the Chief Judge No. 18, the ends of justice served by a continuance in this case outweigh the best interest of the public and defendant in a speedy trial.

4. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice. Failure to continue the case would also likely put counsel, parties, witnesses, and Court personnel at unnecessary risk.

5. Due to the restrictions imposed by current public-health concerns it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6. There are several motions pending before the court, namely: defendants' motions to suppress statements, suppress cell phone evidence, return property, and leave to file further motions as well as several motions in limine filed by both parties.

Accordingly, the Court finds that there were facts that supported a continuance of the trial date or hearing date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

The time period of April 9, 2020 to May 15, 2020, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(B)(iv).  Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

DATED:4/8/2020

_____
HONORABLE CATHY ANN BENCIVENGO
United States District Judge